Billy H. MILLER, Plaintiff,

v.

James H. WEBB, Secretary of the United States Navy; and Frank Carlucci, Secretary of the United States Department of Defense, Defendants.

Civ. A. No. J87–0693(L).

United States District Court,
S.D. Mississippi,
Jackson Division.

July 1, 1988.

William E. Spell, Ross, Hunt, Clinton, Miss., for plaintiff.

Gus A. Smith, III, Asst. U.S. Atty., Jackson, Miss., for defendants.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of defendants to dismiss. Plaintiff filed timely response to the motion. The court has considered the memoranda submitted by the parties and is of the opinion that defendants' motion to dismiss should be granted.

Plaintiff Billy H. Miller was commissioned an ensign in the United States Naval Reserve in May 1986 and assigned to an air training squadron for pilot training. Before he had completed the basic flying course, he was called before a board of inquiry for the purpose of determining whether he should be discharged from the Navy. It was charged that Ensign Miller fraudulently enlisted in the Navy in that he had falsely stated on a personnel security questionnaire that he had never used or possessed illegal drugs. The board of inquiry concluded that plaintiff was guilty of misconduct and recommended that he be separated from the Navy. Plaintiff thereafter was honorably discharged. Miller then brought this action alleging that his discharge was in violation of federal statutes and the regulations of the Department of Defense in that the Navy considered information about his conviction for the sale of cocaine which had been ordered expunged from his record by a Mississippi court.

As a general rule, persons aggrieved by agency action are required to exhaust administrative remedies before seek-

ing redress in the courts. Defendants contend that plaintiff failed to exhaust administrative remedies because he did not make application to the Board for Correction of Naval Records (BCNR or Board) for review of the decision to discharge him. Plaintiff counters that application to the BCNR is not required because the Board is without authority to grant the relief sought by him in this action. Plaintiff cites 32 C.F.R. § 723.6(e) for the proposition that reinstatement is not authorized as relief that may be granted by the Board. Plaintiff, however, misinterprets the applicable regulations. The general authority of the Board is to conduct hearings, deliberate, make findings and conclusions, and make recommendations to the Secretary of the Navy. *See* 32 C.F.R. §§ 723.2(b), 723.5, 723.6(a), 723.7. Section 723.6(e) identifies certain situations in which the Board "is authorized to take final action on behalf of the Secretary of the Navy," rather than merely make recommendations. The fact that reinstatement is not listed in section 723.6(e) simply means that the Board is not authorized to take final action on such requested relief but instead is charged with making recommendations to the Secretary of the Navy.

In *Von Hoffburg v. Alexander*, 615 F.2d 633, 640 (5th Cir.1980), the court held that reinstatement of a discharged service person was a remedy available through the Army Board for Correction of Military Records (ABCMR). The regulations setting forth the authority of the ABCMR and those providing for the authority of the BCNR are virtually identical in all aspects relevant to this action. *Compare* 32 C.F.R. § 581.3 (ABCMR) *with* 32 C.F.R. §§ 723.1–723.11 (BCNR). Accordingly, this court concludes that the BCNR has the authority to review plaintiff's discharge and to recommend to the Secretary of the Navy that plaintiff be reinstated. Therefore, plaintiff's assertion that he has no further administrative remedy is without merit.

■ An exception to the exhaustion requirement is recognized where pursuing administrative remedies would subject the plaintiff to the threat of irreparable harm. Plaintiff contends that imposing the exhaustion requirement in this case would

result in irreparable harm since, because of the Navy's age restrictions on participation in pilot training, the additional time required to pursue further administrative remedies might result in his becoming too old to participate in the pilot training program. However, the court is of the opinion that should it ultimately be determined, either by the Secretary of the Navy through application to the BCNR or by the federal court, that plaintiff was wrongfully discharged, the Navy could not use his increased age to deny him reinstatement. *See Mogavero v. McLucas*, 543 F.2d 1081, 1085 (4th Cir.1976) (on remand to Air Force where procedural rights were violated, Air Force's decision must be based on plaintiff's age at time adverse decision was rendered without appropriate procedures).

■ The exhaustion doctrine is to be strictly applied in military discharge cases. *Von Hoffburg*, 615 F.2d at 637. Because plaintiff has failed to exhaust administrative remedies and has not shown that this case comes within any recognized exception to the exhaustion doctrine, the court concludes that plaintiff's claims are not justiciable in the present posture of the case.

Accordingly, it is ordered that defendants' motion to dismiss is granted. A separate judgment shall be submitted in accordance with Federal Rule of Civil Procedure 58.

ORDERED.